UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOHAMMADSOROUSH
GHAHRISARABI,

Plaintiff,

v.

KRISTI NOEM, et al.,

Defendants.

Case No. 25-cv-08546-KAW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT**

Re: Dkt. No. 9

On October 7, 2025, Plaintiff filed this action asserting unreasonable delay in the adjudication of his application for naturalization. (Dkt. No. 1.) On December 16, 2025, Defendants filed a motion to extend time to respond to the complaint to March 16, 2026. (Def.'s Mot. to Extend, Dkt. No. 9.) On December 22, 2025, Plaintiff filed his opposition. (Pl.'s Opp'n, Dkt. No. 10.)

Defendants' request is based on the issuance of Policy Memorandum 602-0192, *Hold and Review of All Pending Asylum Applications and all USCIS Applications Filed by Aliens from High-Risk Countries*. (Defs.' Mot. to Extend at 1.) Defendants assert that the Policy Memorandum requires that all individuals from 19 countries listed in Presidential Proclamation 10949 undergo re-review. (*Id.* at 2.) The Policy Memorandum states that within 90 days of issuance of the Policy Memorandum, operational guidance will be issued. (*Id.* at 3.) Notably, Defendants were previously "hopeful to reach an administrative resolution on this matter through adjudication of Plaintiff's Application rather than proceeding with litigation," which included scheduling Plaintiff's interview for December 17, 2025. (*Id.* at 2.) Due to the Policy Memorandum, however, Plaintiff's interview was cancelled. Defendants acknowledge that "but for the issuance of the Policy Memorandum," "Defendants were prepared to proceed with

United States District Court
Northern District of California

Plaintiff's interview and adjudication of Plaintiff's N-400 Application." (*Id.* at 3.)

Plaintiff responds that there is no good cause for extending Defendants' responsive pleading deadline. (Pl.'s Opp'n at 2.) As Plaintiff points out, "[t]here is no assurance that [the operational] guidance will issue within ninety days, that it will resolve Plaintiff's case, or that it will provide any individualized assessment at all." (*Id.* at 6.) At least one court has agreed with this reasoning and denied Defendant's motion to extend the time to respond to the complaint. *See Eksiri v. Noem*, Case No. 25-cv-6206-JST, Dkt. No. 16 at 2 (N.D. Cal. Jan. 20, 2026). Further, Defendants admit that the Policy Memorandum provides for the "lift of any specific hold due to litigation on a case-by-case basis." (Defs.' Mot. to Extend Time at 3.) Plaintiff is in litigation here, but there is no indication that Defendants have requested lifting the stay, despite Defendants having acknowledged that Plaintiff's application was ripe for adjudication, and that it would have been adjudicated if not for the Policy Memorandum. (*Id.*) Finally, Plaintiff correctly notes that regardless of the Policy Memorandum, the instant case is still subject to judicial review as to whether there is unreasonable delay in adjudicating his application. (Pl.'s Opp'n at 7.)

Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendants' request for an extension. As the responsive pleading deadline has already passed, the Court EXTENDS Defendants' time to respond to the complaint to **two weeks** from the date of this order.

IT IS SO ORDERED.

Dated: January 26, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

2